No. 14790

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

IN RE THE MARRIAGE OF

BARBARA ANN ROBINSON,

                    Petitioner and Respondent,

        and

WILLIAM HENRY ROBINSON, JR.,

                    Respondent and Appellant.

Appeal from:  District Court of the Thirteenth Judicial District,
              Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Ralph L. Herriott, Billings, Montana

    For Respondent:

        Tolliver, Guthals and Wright, Billings, Montana

                        Submitted on briefs:  November 7, 1979

                                    Decided:  FEB 21 1980

Filed:    FEB 21 1980


_Thomas J. Kearney_____
                            Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The husband appeals from that portion of a marriage dissolution decree entered by the Yellowstone County District Court involving the distribution of property. He contends that the trial court failed to enter legally sufficient findings in support of the ultimate conclusions and judgment, and that in any event, the trial court abused its discretion in awarding certain property to the wife. We agree that this case must be remanded because of the failure to enter legally sufficient findings of fact.

In apportioning the property the trial court awarded the wife what appears to be a one-half interest in the equity built up in a home which was acquired by the husband before he married his wife for the second time. The husband had purchased the home after the first marriage dissolution so that he would have a home for himself and the minor child born of the first marriage. Without entering findings to support its conclusion, the trial court simply awarded the wife $3,000 as her interest in the home, and, inter alia, entered judgment for that amount. This Court has previously set forth the requirements of section 40-4-202, MCA, in the cases of In Re Marriage of Johnsrud (1977), ____ Mont. _____, 572 P.2d 902, 907, 34 St.Rep. 1417, 1423 and In Re Marriage of Reilly (1978), _____ Mont. ____, 577 P.2d 840, 842, 35 St.Rep. 451, 454, and no additional cases should have to be cited. Suffice it to say that the findings, measured by these requirements are manifestly deficient.

The wife does not dispute that the husband acquired the home after the dissolution of the first divorce and before the parties married for the second time. Neither statute nor case law declare that a party is automatically entitled to a portion of the property acquired before marriage or to a percentage of the value of the property. There are absolutely no findings indicating that the trial court considered and applied the relevant factors enumerated in section 40-4-202(1), MCA.

-2-

The husband testified that the equity in the home at the time of dissolution was between $6,000 and $7,000. However, without the required findings we cannot tell how or why the trial court arrived at the apportionment of the marital estate in this case. The lack of findings is similarly deficient as to the personal property distributed by the trial court.

Accordingly, the judgment is vacated and this case is remanded to the District Court for further proceedings consistent with this opinion.

_____
                                Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
              Justices