No. 79-32

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

A. C. RIERSON,

               Plaintiff and Appellant,

vs.

THE STATE OF MONTANA, AND BOARD
OF ADMINISTRATION OF PERS,

               Defendant and Respondent.

---

Appeal from: District Court of the First Judicial District,
In and for the County of Lewis and Clark.
Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Conner, Baiz and Olson, Great Falls, Montana
        Dennis Conner argued, Great Falls, Montana

    For Respondent:

        Hugh, Bennett, Kellner and Sullivan, Helena, Montana
        John F. Sullivan argued, Helena, Montana

---

               Submitted: February 26, 1980

               Decided: JAN 5 1981

Filed: JAN 5 1981

_Thomas J. Kearney_
               Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant, Al Rierson, petitioned this Court for rehearing of his original appeal, in which we affirmed the District Court order dismissing his original and amended petition for judicial review of an administrative agency decision. Rehearing was granted, and the cause submitted on briefs.

Rierson's case was commenced in District Court as an action for judicial review of a Board of Administration decision which denied Rierson's claim for additional retirement benefits. The petition for review was filed on January 11, 1978, but there was no subsequent service on the Board. An "amended complaint" was served on the Board over a year later on May 29, 1979. The Board filed a motion to dismiss Rierson's complaint on the grounds that it did not comply with the "prompt service" requirement of the Administrative Procedure Act. Section 2-4-702(2)(a), MCA. The District Court granted the motion to dismiss, and Rierson appealed to this Court.

In an opinion dated April 1, 1980, we affirmed the District Court finding that the sixteen and one-half month delay in serving notice upon the Board was not reasonable under the facts of Rierson's case. Mr. Justice Sheehy argued in his dissent that the Board did not have subject matter jurisdiction over two of Rierson's three claims, and since the Board did not have the authority to decide constitutional issues or tort issues against itself, Rierson's petition should be considered one for independent relief to which the "prompt service" requirement would not apply. Mr. Justice Daly joined in the dissenting opinion. On April 11, 1980, Rierson petitioned this Court for rehearing based

on the position taken by Justices Sheehy and Daly in the dissent.

In 1971 the responsibility for the administration of the highway patrol retirement system was transferred from the Highway Patrolmen's Retirement Board to the Board of Administration of the Public Employees' Retirement System. Until 1971 a retiring patrolman with more than twenty-five years of service could receive retirement benefits in excess of one-half regular pay. When the responsibilities for the patrolmen's retirement system were transferred, an attorney for the Board of Administration interpreted this practice to be in violation of sections 31-209 and 31-213, R.C.M. 1947. This interpretation was adopted as Board policy on April 21, 1972, and applied prospectively so that patrolmen retiring after April 21 could receive a maximum of one-half pay even if they continued on the job after their twenty-fifth year of service.

Rierson retired at the end of his twenty-five years of service on April 8, 1974. Nearly two years later on March 18, 1976, Rierson's attorney demanded an adjustment of Rierson's retirement benefits. In that demand letter Rierson's attorney noted that "a suit will be filed no later than April 9, 1976", and further that, "[t]ime is of the essence in that the Statute of Limitations is about to run in this matter." The Board responded by suggesting that Rierson avail himself of administrative remedies since the Board had adopted contested case procedures. By a letter dated April 6, Rierson formally requested an administrative hearing before the Board. A hearing was granted and held on July 15, 1976. At the conclusion of that hearing, Rierson's attorney was directed to submit a brief in support

of Rierson's position by August 9, 1976. No brief was forthcoming, and after several months had elapsed, the Board sent a letter to Rierson's attorney advising him that a decision would be made with or without a brief. Nearly eight months after the hearing, on March 11, 1977, Rierson's brief was submitted.

In his brief Rierson claimed that he was entitled to additional benefits because of due process and equal protection violations and on the grounds of promissory estoppel. The hearings examiner responded to all three claims in the proposed findings of fact, conclusions of law and an order denying Rierson additional benefits on August 25, 1977. The proposed decision was adopted by the Board, and Rierson was notified of the decision on December 12, 1977.

On January 11, 1978, Rierson's attorney filed a petition for judicial review in the District Court. Notice was not given to the Board of Rierson's petition. No further action was taken by Rierson for sixteen and one-half months. Then, on May 21, 1979, Rierson filed an "amended complaint" which was served on the Board on May 29, 1979. This was the Board's first notice of any judicial proceeding in the case. The Board moved to dismiss both the original and amended petitions. The District Court treated the petitions as requests for judicial review which would require "prompt service" of notice to the Board under the Administrative Procedure Act.

Upon rehearing, Rierson contends that the District Court erred in failing to treat his petition for judicial review as an independent civil action to which the "prompt service" requirement would not apply. We find that if error was committed, it would not have affected the decision of

-4-

the District Court.

Although Rierson chose to have his case heard by the Board, he argues on appeal that the Board's decision is not binding, and, moreover, since his claims dealt with constitutional issues and a tort claim against the Board, his claims could not have been resolved by an administrative body. Although appellant's District Court action was filed under the Administrative Procedure Act, on rehearing he asserts that he should not be allowed to proceed with his claim under rules applicable to original District Court actions, unhindered by the requirements of administrative procedural restrictions. It is interesting to note that although the jurisdictional issue was first raised by Justice Sheehy in his dissent, Rierson argues that it has always been his intention to proceed in District Court with an action independent of the Board's unrewarding decision.

We must conclude that even if the District Court claim is an independent civil action, original in that court, Rierson's own failure to pursue that action has left him without a remedy on appeal. Clearly, if the District Court action is an independent action, Rierson is bound by the statute of limitations which applies to such actions. In cases where damage to property rights is argued, any cause must be brought within two years. Section 27-2-207, MCA. In his reply Rierson asserts that the applicable limitation is that for written contracts (section 27-7-202(1), MCA) which is eight years, or obligations, other than a contract, and not founded on a written instrument (section 27-2-202(3), MCA) which is three years. Neither of these statutes of limitations is applicable in our view. Rierson's claims involved two constitutional violations and a request for

invocation of the doctrine of promissory estoppel. Only in the broadest sense could these limitations be considered to be controlling, and since there is a more specific statute involving injury to personal property rights, of which retirement benefits are one, we are constrained to follow the more specific statute. Section 1-3-225, MCA. See also Butte Country Club v. Dept. of Revenue (1980), ____ Mont. ____, 607 P.2d 551, 37 St.Rep. 479. We also note that Rierson admitted the applicability of a two-year statute of limitations in his letter to the Board of March 18, 1976.

Having concluded that the two-year statute of limitations is appropriate in this case, we further find that Rierson's District Court action is barred. Rierson has been aware of the effect of the two-year statute of limitations since he first demanded that his benefits be adjusted in 1976. The entire history of this case is one of neglect and procrastination. He did not approach the Board for an adjustment until nearly two years after his retirement. Clearly his cause of action accrued no later than his retirement date, and from the record, there is no excuse for a delay of one year and 360 days which would obligate this Court to excuse Rierson's tardiness. When he was notified that the administrative process was over, he had five days remaining within the confines of section 27-2-207(1), MCA, to file his independent and original complaint in District Court. Instead, he filed a petition for judicial review on January 11, 1978, twenty-five days after his notification of the adverse agency ruling. Although that action was filed within the thirty-day limitation for petitions for judicial review of administrative actions, this Court will not allow the administrative appeal period to be added to

the two-year statute of limitations, thus bootstrapping his original and independent action into compliance with the statute of limitations by use of an administrative action he now contends is void.

Throughout the course of Rierson's suit against the Board, he has had the option of an independent District Court petition for relief. Although urged by the Board to seek administrative remedies, he was not required to do so. This Court must respect the requirement that remedies be sought with some degree of diligence. Rierson knew of the new interpretation of the retirement laws as early as June 20, 1972. In the two-year period between that date and his retirement in April of 1974, he made no effort to seek any kind of remedy. His claims lay dormant for almost another two years until April 5, 1976, before he requested an administrative hearing. During that hearing, Rierson delayed the proceedings for another eight months before submitting his brief. This Court will not condone manipulation of the law so that a case may be further pursued. To do so would be an affront to the letter and the spirit of the statutes of limitations. Viewed in the best possible light, Rierson's suit against the Board still shows substantial evidence of inexcusable neglect. We find that the action in District Court is barred by the two-year statute of limitations of section 27-2-207(1), MCA.

We reaffirm the District Court dismissal.

Justice

-7-

We concur:

_____
Chief Justice


_____


_____
Justices


Mr. Justice Daniel J. Shea concurring:

I concur with the decision here affirming the trial court's dismissal order.  This is a case where the appellant, from beginning to end, slept on his rights.

_____
Justice

Mr. Justice John C. Sheehy and Mr. Justice Gene B. Daly dissenting:

We iterate without dilution what we said in our dissent to the original opinion in this cause (Dissent, Cause No. 79-32, 37 St.Rep. 627). In its opinion on the petition for rehearing foregoing, the majority has circled the issues raised by our dissent and the petition for rehearing, in so circling, the majority has stirred up as much dust as it did in the original opinion, to the extent that the issues in this case are further obscured.

Originally, this was a relatively simple case: Rierson, a retired highway patrolman, had petitioned the District Court for review of an adverse decision against him by an administrative agency. He had filed his petition for review within 30 days, but instead of serving a copy of that petition upon the administrative agency, he waited 16 months when he amended his petition and served a summons issued upon that petition. The only real issue in this case is whether the provision of section 2-4-702(2)(a), MCA, that a copy of the petition for review "shall be promptly served upon the agency", serves to prevent the District Court from considering agency excesses of statutory authority in deciding questions of constitutional law and a tort claim against itself. We had suggested some proper answers in our original dissent; unfortunately our powers of discussion seemed insufficient.

It had been a happier circumstance for us if the majority had simply decided that sixteen months to make service failed to constitute "prompt" service, that prompt service was jurisdictional, and that therefore, Rierson was out of court. Instead, the majority careened off on a side trip over the statute of limitations, and we may be some time getting this Court back on the road again on this subject.

-9-

The majority buys itself a peck of trouble when it declares in dictum (we hope it will be considered dictum) that the statute of limitations continues to run on separable causes intermingled with the limited cause adjudicable by the administrative agency.  That dictum is wrong because limitations should be tolled when the claimant is not neglecting to proceed in some forum on a phase of his claim, and when the other party has full notice while the claimant so proceeds of his additional but intermingled claims.  Otherwise, as in this case, an administrative agency can act in excess of its authority, a ground provided in section 2-4-704, MCA, for which an administrative decision can be set aside, and never be called to account in a court of law because the statute of limitations may have run on the cause which the agency incorrectly assumed jurisdiction to decide.

The majority opinion does not deal with our contentions respecting the judicial review statute for administrative cases, section 2-4-702, MCA, and particularly, it has not looked at that statute with respect to the statute of limitations on "independent" or intermingled causes.  Again, the first paragraph of that section provides:

> "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.  This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by statute."  Section 2-4-702(1) (a), MCA.  (Emphasis added.)

That quoted statute contemplates, in our view, full judicial review not only of causes with which the administrative agency has authority to act upon, but also cases where it violates its constitutional or statutory provisions.  Indeed, that is provided, as we have noted, in section 2-4-704(2)(a), MCA.

-10-

Our second objection to the majority opinion on rehearing in deciding this case on the statute of limitations is that apparently the court had decided incorrectly which statute applies.  This case does not concern an "injury to personal property."  This was not Rierson's automobile that was damaged; this was, at the least, a liability created by statute governed by section 27-2-211(1)(c), MCA (two-year limitation).  We would hold that the pension dispute grows out of the relationship of master and servant which is contractual in nature (53 Am.Jur. 2d 92 Master and Servant § 14), and that either the five-year or eight-year period applies under section 27-2-202, MCA. Rierson's tort action however has a two-year limitation, section 27-2-207, MCA, which again points up the necessity for tolling the statute while he is pursuing his administrative remedy.  Certainly the agency should not be allowed to determine a tort action brought against itself.

We would reverse and remand to the District Court for further proceedings.  Whether he would be successful there, we do not know, but at least the courts of justice would be open to him, 1972 Mont. Const., Art. II, § 16, and he would not be deprived of due process.

_John C. Sheehy_
_Gene B. Daly_
Justices

-11-