No. 05-348

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 80

_____

NEIL CONSULTANTS, INC.,

        Plaintiff and Respondent,

    v.

KEN LINDEMAN,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade, Cause No. ADV 2005-25
                The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Ethan C. Lerman, Montana Legal Services Association, Helena, Montana

        For Respondent:

                Gregory G. Smith, Smith, Oblander & Mora, Great Falls, Montana

_____

Submitted on Briefs:  March 22, 2006

Decided:  April 18, 2006

Filed:

_____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Ken Lindeman (Lindeman) appeals from an Order of the Eighth Judicial District Court, Cascade County, granting a motion for judgment on the pleadings filed by Neil Consultants, Inc. (NCI).  We affirm.

¶2     We restate and address the issue on appeal as follows: Did the District Court err in granting judgment on the pleadings under Rule 12(c), M.R.Civ.P., to NCI?

¶3     NCI filed suit against Lindeman on January 6, 2005, to recover damages for breach of contract and non-payment of an account stated.  A response document filed *pro se* by Lindeman stated in pertinent part:

> In 1998 the project seemed to hold alot [sic] of potential.  We accumulated a sizable bill very quickly.  Just to get the project on paper we were at $8,960.00 Total money already committed without doing anything on the actual project.
>
> . . . .
>
> Being a man that tries to keep his word, I maid [sic] an attempt to make arrangements, with Neil Consultants, on the ridiculous high cost of transferring ideas to paper.
>
> . . . .
>
> I have paid Neil Consultants in excess of $4,000.00 over the years.  This seems it should almost justify the dead project.

¶4     NCI moved for judgment on the pleadings on March 14, 2005, alleging that Lindeman's filing failed to either deny any of the material allegations in the complaint or allege affirmative defenses to defeat the action.  Lindeman failed to respond to this motion.  The District Court granted NCI's motion, explaining "Lindeman's Answer

2

failed to state a legal defense." Judgment was filed on April 8, 2005, and this appeal followed.

¶5 A successful motion for judgment on the pleadings, pursuant to Rule 12(c), M.R.Civ.P., must establish that no material issue of fact remains and that the movant is entitled to judgment as a matter of law. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 17, 321 Mont. 364, ¶ 17, 91 P.3d 569, ¶ 17. "The pleadings are to be construed in the light most favorable to the nonmoving party, whose allegations are taken as true." *Paulson*, ¶ 17. Since a motion for judgment on the pleadings is decided as a matter of law, we apply our standard of review for conclusions of law and determine whether the district court was correct. *Paulson*, ¶ 17.

¶6 Lindeman argues on appeal that he presented a valid legal defense by stating that the amount he paid was sufficient to pay for the work provided by NCI. Lindeman says that this creates a dispute regarding the amount of money owed. He also argues that he was denied the right to be heard and defend himself because of his "financial disadvantage of not being able to afford legal counsel."

¶7 We agree with the District Court that Lindeman failed to state a legal defense in his answer. Rule 8(d), M.R.Civ.P., provides "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." NCI alleged breach of contract and non-payment of an account stated by Lindeman. Lindeman simply responded by mentioning "the ridiculous high cost of transferring ideas to paper." He failed to allege that the services were not performed or that the amount billed was incorrect in any way.

3

While pleadings are to be taken in the light most favorable to the nonmoving party, Lindeman's response did not dispute the amount of money owed.

¶8    We note that Lindeman was not denied the right to be heard and defend himself. We have previously explained that, while *pro se* litigants may be given a certain amount of latitude, that latitude cannot be so wide as to prejudice the other party, and it is reasonable to expect *pro se* litigants to adhere to procedural rules. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, ¶ 15, 3 P.3d 124, ¶ 15. Lindeman's filing of a document in response to the complaint demonstrates his access to the Courts. Additionally, he identifies no impediment beyond his *pro se* status that prevented him from pleading a legal defense. Lindeman's argument that he was denied access to the Courts is not well taken.

¶9    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JIM RICE