DA 13-0114

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 296

SUSAN JACKY,

       Plaintiff and Appellant,

  v.

AVITUS GROUP, BIG SKY BUSLINES, and
the MONTANA DEPARTMENT OF LABOR,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                 In and For the County of Carbon, Cause No. DV 12-96
                 Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Katelyn B. Atwood; Montana Legal Services Association;
              Billings, Montana

       For Appellees:

              Patricia Bik; Special Assistant Attorney General; Department of Labor
              & Industry; Helena, Montana

Submitted on Briefs:  August 28, 2013
Decided:  October 10, 2013

Filed:

_____

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Susan R. Jacky (Jacky) appeals the orders denying her petition for review and her motion to set aside the judgment of the Twenty-second Judicial District Court, Carbon County.  We reverse and remand for a review of the administrative record.

## ISSUE

¶2      A restatement of the dispositive issue on appeal is:

¶3      Did the District Court err when it denied a petition for judicial review because no supporting brief was filed?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      Jacky worked as a bus driver for Big Sky Bus Lines in Great Falls, Montana. After leaving her job, she applied for unemployment benefits with the Montana Department of Labor and Industry (the Department).  On July 5, 2012, the Department issued a determination that Jacky was not qualified to receive unemployment benefits. The Department affirmed its initial determination on August 3, 2013.  Jacky timely requested an administrative hearing, after which the hearing officer affirmed the redetermination.  Jacky then filed an appeal to the Board of Labor Appeals (the Board). The Board adopted and affirmed the decision of the hearing officer on November 20, 2012.

¶5      After exhausting her administrative remedies, Jacky, appearing as a self-represented litigant, filed a petition for review in the District Court.  Jacky attached copies of various documents to her petition, including a copy of the Board's decision. Jacky did not serve the Department with her petition.  On January 18, 2013, the District

3

Court denied Jacky's petition for failure to comply with Rule 2 of the Montana Uniform District Court Rules (Rule 2) because Jacky had not filed a supporting brief or stated issues of law for review.

¶6 Upon receiving a copy of the court's January 18 order, the Department first learned of the action in District Court. In turn, it filed a motion to set aside the judgment. The Department argued that Montana law requires a district court to review the administrative record to determine whether the Board correctly applied the law and whether the factual findings of the Board are supported by substantial evidence. According to the Department, "[t]he unique statutory standard of review of an unemployment insurance matter, pursuant to § 39-51-2410(5), MCA, preclude[d] the entry of a default judgment by the [c]ourt."

¶7 On January 30, 2013, the District Court denied the Department's motion. The District Court stated that it "underst[ood] the applicable procedure explicitly," but that such procedure was not at issue because Jacky failed to "[raise] any identifiable question of law for the Court's review" and to "state the grounds upon which a review is sought." The District Court affirmed its initial denial.

¶8 Jacky filed an appeal with this Court on February 11, 2013. Jacky argues that Rule 2 is inapplicable because it governs motions, not petitions for review. Jacky further argues that the statutory procedure for judicial review in unemployment cases does not require parties to submit supporting briefs with their petitions for review. Jacky contends the District Court should not have dismissed her petition without first giving her leave to amend, especially as no other party would have suffered prejudice.

4

¶9 In its answer brief, the Department also requests we reverse the District Court's order and remand this case, arguing the District Court erred by failing to conduct a review of the administrative record. The Department argues the petition for judicial review is governed by Montana's unemployment insurance law, which directs a district court to expedite judicial review of Board decisions and to conduct a review of the administrative record.

## STANDARD OF REVIEW

¶10 Denial of a petition for judicial review due to a petitioner's failure to comply with a procedural rule is a conclusion of law. We review a court's conclusions of law for correctness. *Galassi v. Lincoln Co. Bd. of Commrs.*, 2003 MT 319, ¶ 7, 318 Mont. 288, 80 P.3d 84.

## DISCUSSION

¶11 *Did the District Court err when it denied a petition for judicial review because no supporting brief was filed?*

¶12 On appeal, both parties contend the District Court improperly denied Jacky's petition for judicial review. We conclude that the District Court erred when it denied Jacky's petition for failure to file a supplemental brief. We decline to address the other issues raised by the parties as this issue is dispositive.

¶13 Section 39-51-2410, MCA, sets out the process to be followed in seeking judicial review of a Board decision on a claim for unemployment benefits. Pursuant to § 39-51-2410(2), MCA, "any party aggrieved thereby may secure judicial review thereof by commencing an action in the district court," filing a petition "stat[ing] the grounds

upon which a review is sought," and "serv[ing] [it] upon the commissioner of labor and industry and all interested parties."

¶14 Rule 2 provides: "The moving party shall file a supporting brief upon filing a motion." The District Court concluded that Jacky violated this rule by failing to attach a brief to her petition.

¶15 A motion is "[a] written or oral application requesting a court to make a specified ruling or order." *Black's Law Dictionary* 1106 (Bryan A. Garner ed., 9th ed., West 2009). A petition, on the other hand, is merely "[a] formal written request presented to a court or other official body." *Black's Law Dictionary* at 1261. While it is obvious that one seeking judicial review of a Board decision hopes to have the decision overturned, the petitioner is not obligated under the governing statute to file a supporting brief. Rather, she is simply invoking her statutory remedy and asking the District Court to review the decision of the Board.

¶16 Further, we note that the procedures set forth in § 39-51-2410, MCA, are specifically tailored to meet the purposes of the unemployment insurance chapter. "When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it." Section 1-2-102, MCA; *see also State v. Garner*, 1999 MT 295, ¶ 26, 297 Mont. 89, 990 P.2d 175 ("[T]he Rules of Civil Procedure apply in a post-conviction relief proceeding *only* when they are applicable and not inconsistent with post-conviction statutes.") (italics in original); *Rierson v. State*, 191 Mont. 66, 70, 622 P.2d 195, 198 (1981) ("Only in the broadest sense could these limitations [for written contracts or other obligations] be

considered to be controlling, and since there is a more specific statute involving injury to personal property rights, of which retirement benefits are one, we are constrained to follow the more specific statute."); *Weston v. Cole*, 233 Mont. 61, 63, 758 P.2d 289, 291 (1988) (holding the two-year period for filing a particular tort action such as assault and battery controls over the more general three-year statute of limitations for tort actions).

¶17 Because the specific statutory procedures set forth in § 39-51-2410, MCA, govern these proceedings, and because a petition is not a motion, the provisions of Rule 2 do not apply to a petition for judicial review. It is our obligation to apply the statute as written, without inserting what has been omitted or omitting what has been inserted. Section 1-2-101, MCA; *Garner*, ¶ 22. A district court *may* require a petitioner to file a brief in support of the petition, *see e.g. Schneeman v. State*, 257 Mont. 254, 260, 848 P.2d 504, 508 (1993), but such briefing is not mandated by § 39-51-2410, MCA.

¶18 The District Court asserted that Jacky failed to raise any identifiable question of law for the court's review or to state the grounds upon which she sought relief. Jacky wrote that the Department "failed to document, process and facilitate [her] unemployment claim accurately, honestly, fairly or ethically resulting in a gross miscarriage of justice." This statement is adequate for the purposes of "stat[ing] the grounds upon which a review is sought" under § 39-51-2410(2), MCA. Jacky was not required to provide any discussion or legal authority to support her request.

¶19 Jacky failed to serve the Department with her petition as required by the statute. However, "[a]s a general rule, we encourage a liberal interpretation of procedural rules governing judicial review of administrative decisions, rather than taking an overly

technical approach, so as to best serve justice and allow the parties to have their day in court." *In re McGurran*, 1999 MT 192, ¶ 11, 295 Mont. 357, 983 P.2d 968 (*overruled on other grounds by Davis v. State*, 2008 MT 226, ¶ 23, 344 Mont. 300, 187 P.3d 654) (citing *Hilands Golf Club v. Ashmore*, 277 Mont. 324, 330, 922 P.2d 469, 473 (1996)). The Department was put on notice of the petition when the District Court denied Jacky's motion, and it appropriately intervened in the case. The Department did not argue that Jacky's petition should be dismissed for failing to comply with the service requirement, and it suffered no prejudice because of Jacky's failure to serve. Thus, Jacky's failure to properly serve the Department does not preclude a District Court review of the administrative record.

¶20 The Dissent complains that the petition "provides no discernible objection to any finding of fact, conclusion of law or reasoning of the agency." Dissent, ¶ 24. However, § 39-51-2410(6), MCA, provides that "[i]t shall not be necessary in any judicial proceeding under this section to enter exceptions to the rulings of the board . . . ." We will not place Jacky in error for failing to do what the statute excuses her from doing. If the District Court determines on remand that it requires briefing on any issue or question, it will be free to so instruct the parties.

¶21 The District Court erred when it denied Jacky's petition for failure to include a supplemental brief. Because this is the dispositive issue, it is unnecessary for us to address the remaining issues of whether a district court should dismiss a petition for review without first granting leave to amend and whether a district court may deny a petition for review without first reviewing the administrative record. We reverse and

8

remand to the District Court for a full review of the administrative record in accordance with the provisions of § 39-51-2410, MCA.


/S/ PATRICIA COTTER


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS


Justice Jim Rice, dissenting.

¶22 The Court reverses and remands to the District Court "for a full review of the administrative record." Opinion, ¶ 21. This begs the question, "review for what?"—no cognizable legal issues have been identified, either in the petition for judicial review or in the Court's analysis.

¶23 The Court concludes that the requirement of § 39-51-2410(2), MCA, for a petitioner to "state the grounds upon which review is sought" has been satisfied by the petition's statement that "[t]he individuals representing the [listed Defendants] failed to document, process and facilitate the plaintiff's unemployment claim accurately, honestly, fairly or ethically resulting in a gross miscarriage of justice." It bears noting that this

9

statement is *the entirety* of the petition's identification of the grounds upon which relief was sought.[1]

¶24   I disagree with the Court's determination that this statement satisfies the statutory requirement. *See* Opinion, ¶ 18.  Just how was the claim not processed "accurately, honestly, fairly or ethically?"  In what way did the defendants fail to "document, process and facilitate" the claim properly?  The petition provides no discernible objection to any finding of fact, conclusion of law or reasoning of the agency.  The District Court didn't have a clue as to any legal issue raised, and won't on remand.  As we explained in *Arlington v. Miller's Trucking, Inc.*, 2012 MT 89, 364 Mont. 534, 277 P.3d 1198, courts reviewing wage claim determinations by the Department of Labor:

> may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:
>
> (a) the administrative findings, inferences, conclusions, or decisions are:
> (i) in violation of constitutional or statutory provisions;
> (ii) in excess of the statutory authority of the agency;
> (iii) made upon unlawful procedure;
> (iv) affected by other error of law;
> (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
> (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Arlington*, ¶ 19 (citing 2-4-704(2)(a), MCA).  The petition failed to state any of these bases for review, and thus failed to comply with the requirement that the petition "shall state the grounds upon which review is sought."[2]

---

[1] The Court interprets the petition as alleging something against "the Department," Opinion, ¶ 18, but even that is not necessarily correct.  The petition's allegation is made against "individuals representing" the parties named in the petition, including two private entities.

10

¶25 The Court is imposing upon the District Court an obligation to expend judicial resources to scour the entire administrative record ("a full review," Opinion, ¶ 21) in search of possible winning legal issues for the petitioner. This violates any number of legal principles, not the least of which is judicial impartiality. As the District Court correctly stated, "[t]he Court cannot serve as counsel for the petitioner." Further, as we have often stated, the courts do not owe a duty to a party "to conduct legal research on his behalf, to guess as to his precise position, or to develop legal analysis that may lend support to that position." *Johansen v. Dept. of Natural Resources & Conservation*, 1998 MT 51, ¶ 24, 288 Mont. 39, 955 P.2d 653; *see also State v. Whalen*, 2013 MT 26, ¶ 32, 368 Mont. 354, 295 P.3d 1055.

¶26 If the petitioner had been represented by counsel and filed this petition, we would affirm the dismissal for the utter failure to identify a legal issue—in a heartbeat. By reversing to give Jacky another chance, we are improperly granting a *pro se* litigant latitude "so wide as to prejudice the other party." *Neil Consultants, Inc. v. Lindeman*, 2006 MT 80, ¶ 8, 331 Mont. 514, 134 P.3d 43. "[I]t is reasonable to expect *pro se* litigants to adhere to procedural rules." *Neil Consultants, Inc.*, ¶ 8.

---

[2] In response to this dissent, the Court says the language in § 39-51-2410(6), MCA, which eliminates the need to "enter exceptions" to the Board's rulings, somehow also excuses the requirement for the petition to state a ground for review. Opinion, ¶ 20. However, this archaic term, which has been used in this statute since its original enactment in 1937, *see* Laws of Montana, 1937, ch. 137, § 6(i), references the necessity of making a "formal objection to [the Board's] ruling by a party who wants to preserve the objection for appeal . . . . In federal courts and most state courts, the term 'exception' has been superseded . . . ." *Black's Law Dictionary*, 583 (Bryan A. Garner ed., 7th ed., West 1999) (emphasis added). That meaning is likewise confirmed by the context of the term's use in this statute, which provides that "[i]t shall not be necessary in any judicial proceeding under this section to enter exceptions to the rulings of the [B]oard and no bond shall be required for entering such appeal."

11

¶27 The Court reasons, at times, that the District Court erred by dismissing the case for Jacky's failure to file a supporting brief. *See* Opinion, ¶¶ 3, 11, 12.[3] However, while mentioning the failure to file a brief, the District Court also dismissed the petition for failing to state a claim, and clearly not on the sole basis of failing to file a brief. This point was expressly clarified in the District Court's order denying the motion to set aside the judgment, which said nothing about a failure to file of a brief:

> [T]he *threshold issue* is whether Jacky has raised any identifiable question of law for the Court's review. Jacky provided only a conclusory statement . . . . This statement *raises no identifiable question of law* for the Court's review under § 39-51-2410(5), MCA. Nor did Jacky's annotations in the margins of the attached documents—which may or may not have been part of the record—raise any identifiable question of law for the Court's review. As such, *Jacky did not "state the grounds upon which a review is sought"* as required under § 39-51-2410(2), MCA. [Emphasis added.]

¶28 There was no issue for the District Court to decide, and nothing further to do. As it noted, even if it assumed that Jacky was questioning the sufficiency of the evidence, it "would be just that—an assumption. . . . [I]t is neither the province nor duty of the Court to guess what a party intends to argue and then to make a determination based on that guess. Questioning the sufficiency of the evidence is one of many possible legal issues . . . ."

¶29 The District Court made no error. It could not decide something that was not presented. On remand, it will apparently be required to manufacture something to decide.

---

[3] The Opinion vacillates between the grounds for reversing. *See* Opinion, ¶¶ 12, 21 (the failure to permit Jacky to file a supplemental brief "is the dispositive issue"); *but see* Opinion, ¶ 18 (the petition was "adequate . . . . Jacky was not required to provide any discussion or legal authority to support her request."). The net result of the Opinion is that it was reversible error to not permit Jacky to file a supplemental brief, but it was nonetheless legally unnecessary for her to file one.

¶30   I would affirm.


/S/ JIM RICE


Justice Laurie McKinnon joins in the dissenting Opinion of Justice Rice.


/S/ LAURIE McKINNON