JUSTICE RICE,
dissenting.
¶22 The Court reverses and remands to the District Court ‘for a full review of the administrative record.” Opinion, ¶ 21. This begs the question, “review for what?”-no cognizable legal issues have been identified, either in the petition for judicial review or in the Court’s analysis.
¶23 The Court concludes that the requirement of § 39-51-2410(2), MCA, for a petitioner to “state the grounds upon which review is sought” has been satisfied by the petition’s statement that “[t]he individuals representing the [listed Defendants] failed to document, process and facilitate the plaintiffs unemployment claim accurately, honestly, fairly or ethically resulting in a gross miscarriage of justice.” It bears noting that this statement is the entirety of the petition’s identification of the grounds upon which relief was sought.[1]
¶24 I disagree with the Court’s determination that this statement satisfies the statutory requirement. See Opinion, ¶ 18. Just how was the claim not processed “accurately, honestly, fairly or ethically?” In what way did the defendants fail to “document, process and facilitate” the claim properly? The petition provides no discernible objection to any finding of fact, conclusion of law or reasoning of the agency. The District Court didn’t have a clue as to any legal issue raised, and won’t on remand. As we explained in Arlington v. Miller’s Trucking, Inc., 2012 MT 89, 364 Mont. 534, 277 P.3d 1198, courts reviewing wage claim determinations by the Department of Labor:
may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:
(a) the administrative findings, inferences, conclusions, or decisions are:
(i) in violation of constitutional or statutory provisions;
*140 (ii) in excess of the statutory authority of the agency;
(iii) made upon unlawful procedure;
(iv) affected by other error of law;
(v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
(vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Arlington, ¶ 19 (citing 2-4-704(2)(a), MCA). The petition failed to state any of these bases for review, and thus failed to comply with the requirement that the petition “shall state the grounds upon which review is sought.”[2]
¶25 The Court is imposing upon the District Court an obligation to expend judicial resources to scour the entire administrative record (“a full review,” Opinion, ¶ 21) in search of possible winning legal issues for the petitioner. This violates any number of legal principles, not the least of which is judicial impartiality. As the District Court correctly stated, Tt]he Court cannot serve as counsel for the petitioner.” Further, as we have often stated, the courts do not owe a duty to a party “to conduct legal research on his behalf, to guess as to his precise position, or to develop legal analysis that may lend support to that position.” Johansen v. Dept. of Natural Resources & Conservation, 1998 MT 51, ¶ 24, 288 Mont. 39, 955 P.2d 653; see also State v. Whalen, 2013 MT 26, ¶ 32, 368 Mont. 354, 295 P.3d 1055.
¶26 If the petitioner had been represented by counsel and filed this petition, we would affirm the dismissal for the utter failure to identify a legal issue-in a heartbeat. By reversing to give Jacky another chance, we are improperly granting a pro se litigant latitude “so wide as to prejudice the other party.” Neil Consultants, Inc. v. Lindeman, 2006 MT 80, ¶ 8, 331 Mont. 514, 134 P.3d 43. TI]t is reasonable to expect pro se litigants to adhere to procedural rules.” NeiZ Consultants, *141 Inc., ¶ 8.
¶27 The Court reasons, at times, that the District Court erred by dismissing the case for Jacky’s failure to file a supporting brief. See Opinion, ¶¶ 3, 11,12.[3] However, while mentioning the failure to file a brief, the District Court also dismissed the petition for failing to state a claim, and clearly not on the sole basis of failing to file a brief. This point was expressly clarified in the District Court’s order denying the motion to set aside the judgment, which said nothing about a failure to file of a brief:
[T]he threshold issue is whether Jacky has raised any identifiable question of law for the Court’s review. Jacky provided only a conclusory statement .... This statement raises no identifiable question of law for the Court’s review under § 39-51-2410(5), MCA. Nor did Jacky’s annotations in the margins of the attached documents^which may or may not have been part of the record-raise any identifiable question of law for the Court’s review. As such, Jacky did not “state the grounds upon which a review is sought” as required under § 39-51- 2410(2), MCA. [Emphasis added.]
¶28 There was no issue for the District Court to decide, and nothing further to do. As it noted, even if it assumed that Jacky was questioning the sufficiency of the evidence, it “would be just that-an assumption .... [I]t is neither the province nor duty of the Court to guess what a party intends to argue and then to make a determination based on that guess. Questioning the sufficiency of the evidence is one of many possible legal issues ... .”
¶29 The District Court made no error. It could not decide something that was not presented. On remand, it will apparently be required to manufacture something to decide.
¶30 I would affirm.
JUSTICE McKINNON joins in the dissenting Opinion of JUSTICE RICE.

 The Court interprets the petition as alleging something against “the Department,” Opinion, ¶ 18, but even that is not necessarily correct. The petition’s allegation is made against ‘individuals representing” the parties named in the petition, including two private entities.

 In response to this dissent, the Court says the language in §39-51-2410(6), MCA, which eliminates the need to “enter exceptions” to the Board’s rulings, somehow also excuses the requirement for the petition to state a ground for review. Opinion, ¶ 20. However, this archaic term, which has been used in this statute since its original enactment in 1937, see Laws of Montana, 1937, ch. 137, §6(i), references the necessity of making a ‘formal objection to [the Board’s] ruling by a party who wants to preserve the objection for appeal.... In federal courts and most state courts, the term ‘exception’ has been superseded ... .” Black’s Law Dictionary, 583 (Bryan A. Garner ed., 7th ed., West 1999) (emphasis added). That meaning is likewise confirmed by the context of the term’s use in this statute, which provides that ‘ti]t shall not be necessary in anyjudicial proceeding under this section to enter exceptions to the rulings of the [B]oard and no bond shall be required for entering such appeal.”

 The Opinion vacillates between the grounds for reversing. See Opinion, ¶¶ 12, 21 (the failure to permit Jacky to file a supplemental brief‘is the dispositive issue”); but see Opinion, ¶ 18 (the petition was “adequate.... Jacky was not required to provide any discussion or legal authority to support her request.”). The net result of the Opinion is that it was reversible error to not permit Jacky to file a supplemental brief, but it was nonetheless legally unnecessary for her to file one.