FILED

October 13 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0159

DA 15-0159

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 295N

CHUCK DEVLIN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-06-92
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Charles Devlin, Self-Represented, Deer Lodge, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Bob Long, Lake County Attorney, Polson, Montana

Submitted on Briefs:  September 16, 2015
Decided:  October 13, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Charles Devlin appeals from the Twentieth Judicial District Court's denial of his second petition for post-conviction relief. We affirm.

¶3      Devlin has been before this Court multiple times since his April 2007 conviction of kidnapping an intoxicated 18-year-old female and obstructing a peace officer. Devlin claimed he was a "good Samaritan" attempting to assist this young woman by reuniting her with her friends who had abandoned her, nearly naked, in Devlin's truck. *State v. Devlin*, 2009 MT 18, 349 Mont. 67, 201 P.3d 791; *State v. Devlin*, 2009 MT 55N; *Devlin v. State*, 2011 MT 120N. These previous cases provide factual details and procedural background that will not be repeated here. Devlin is a designated persistent felony offender and is serving a 50-year sentence with no time suspended.

¶4      Devlin's petition claimed the he had new evidence of his legal innocence in the form of a newspaper article, an anonymous letter concerning a law enforcement officer, and his discovery of the "control (mens rea) statutes" we addressed in *State v. Beach*, 2013 MT 130, ¶ 8, 370 Mont. 163, 302 P.3d 47, *overruled in part by Marble v. State*, 2015 MT 242, ¶ 32, 380 Mont. 366, 355 P.3d 742. We review de novo an actual

innocence claim brought in a post-conviction proceeding. Such a claim is a mixed question of law and fact. *Beach*, ¶ 8.

¶5 The District Court denied Devlin's petition on the ground that it was procedurally barred under multiple criminal procedure statutes applicable to post-conviction proceedings, including §§ 46-21-102, -104, and -105, MCA. While noting that Devlin's petition and accompanying material "was unclear, repetitive, and did not provide the [c]ourt with adequate support," the District Court nonetheless carefully read and reviewed the petition and addressed the issues raised.

¶6 Devlin's "evidence of actual innocence" consisted of an August 14, 2010 letter penned by an anonymous "concerned Lake County citizen" and sent to Devlin in prison. The letter claimed that Devlin's 2006 arresting officer is a habitual liar and that the staff of the Lake County Sheriff's Office and the judge presiding over Devlin's proceedings knew this. Devlin contends that he deserves a new trial based upon this letter. Devlin also presented a news article published in a Missoula, Montana newspaper dated December 11, 2010, addressing a young Missoula man who pled guilty to felony criminal endangerment after abandoning an intoxicated minor to whom he had provided alcohol. Lastly, Devlin claims that his "new evidence" of actual innocence is his discovery of "control state statutes" this Court discussed in *Beach*.

¶7 Section 46-21-102(2), MCA, states:

A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the

3

petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶8 Without addressing whether the evidence presented by Devlin could satisfy the "actual innocence" standard, it clearly does not meet the timeliness standard. Devlin received the anonymously-written letter around August 14, 2010, and the news article was published in December 2010. Additionally, our case in *Beach* was published on May 14, 2013. Devlin did not file his petition until September 29, 2014, well past the one-year deadline set forth in the statute. The District Court did not err in concluding that his petition was untimely.

¶9 Moreover, as noted by the District Court, his petition did not meet the requisites of § 46-21-104(1)(c), MCA, which provides that a petition for post-conviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts."

¶10 The purpose of our rules of criminal procedure is "to provide for the just determination of every criminal proceeding . . . [and] to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." Section 46-1-103, MCA. While our courts will grant pro se litigants a certain amount of latitude, it is reasonable to expect pro se litigants to adhere to applicable procedural rules. *Neil Consultants, Inc. v. Lindeman*, 2006 MT 80, ¶ 8, 331 Mont. 514, 134 P.3d 43. The District Court correctly concluded that Devlin's petition fails to comply with multiple procedural rules.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of the Court, this case presents a question clearly controlled by settled law.

¶12 Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE