No. 03-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 138

DEBORAH STEWART,

      Petitioner and Respondent,

  v.

MICHAEL T. ROGERS,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and for the County of Missoula, Cause No. DR-91-75377,
                      The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Terry L. Wolfe, Sol & Wolfe Law Firm, P.L.L.P., Missoula, Montana

      For Respondent:

      Deborah Stewart (pro se), Missoula, Montana

                      Submitted on Briefs:  November 25, 2003

                              Decided:  May 28, 2004

Filed:

              _____
                             Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Appellant seeks review of several orders entered in the Fourth Judicial District Court, Missoula County, establishing child support, denying an evidentiary hearing, denying a motion for new trial and relief from judgment, and denying a motion to modify child support. Three issues are presented on appeal.

¶2     1) Whether the District Court erred in denying Appellant's request for an evidentiary hearing.

¶3     2) Whether the District Court erred by averaging Appellant's income over a three year span when it calculated his child support obligation.

¶4     3) Whether the District Court erred when it denied Appellant's request for credit for in-kind contributions to his daughter's welfare, above his required monthly support payment.

¶5     We affirm the District Court.

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     Deborah Stewart and Michael Rogers have one child, Jessica Stewart. In 1993, the District Court approved a parenting agreement that provided that Rogers would pay Stewart $375 per month child support. In July of 2000, Stewart filed an amended motion to amend the parenting plan to, among other things, increase child support. Stewart alleged that she had suffered an injury at work and was living on Workers' Compensation benefits which had decreased her income. Stewart also alleged that Rogers' income had increased and he was capable of providing more support to Jessica.

¶7     On September 12, 2001, the District Court found that an increase would be warranted simply because eight years had passed, Jessica was sixteen years old, and the original award

2

had never been adjusted. The court referred the portion of the motion seeking increased child support to Ann Steffens, a court-appointed child support expert. The referral requested Steffens determine whether increased child support was warranted and authorized her to conduct hearings and request information from the parties. The District Court ordered Steffens to prepare recommendations pursuant to the Montana Child Support Guidelines and submit them to the parties. Once submitted, the District Court allowed the parties ten days to register objections and ordered that any evidence and calculations upon which the objections were based be appended to the objections. The District Court warned the parties that failure to comply with any aspect of its orders would result in sanctions. The District Court believed a hearing would not be required, but reserved its authority to order a settlement conference and/or hearing.

¶8 In April 2002, Steffens submitted her first recommendations in which she pointed out that Rogers had been asked to provide corporate tax returns but refused. Both parties objected to the recommendations, but failed to submit alternative calculations as ordered by the District Court. The District Court then ordered Steffens to review the objections and any subsequent submissions and to recalculate and make any modifications necessary to her recommendations by July 25, 2002. On July 23, 2002, Steffens informed the District Court in a letter that she still needed several explanations from both parties and requested additional time to complete her recalculations. In the letter, Steffens pointed out that Rogers had still failed to submit any business tax information for his business, and had neither timely informed her that a scheduled sale of his business had fallen through, nor that his wife had acquired a 50% interest in his business. On September 20, 2002, Steffens advised the

3

District Court by letter that Stewart had provided all that had been requested of her, but that Rogers had submitted only his 2001 corporate tax return, and this only after twice submitting illegible copies. Steffens informed the District Court that she did not expect any more documentation to be forthcoming from Rogers and proposed to do the recalculations based only on information for which she had supporting documentation. She declined to consider anything Rogers had merely verbalized to her. On October 21, 2002, Steffens informed the District Court by letter that Rogers had provided some of the information requested, but had still not complied with her request for his corporate tax returns for 1999 and 2000.

¶9 On November 5, 2002, Steffens submitted her final recommendations for recalculation of child support. She noted that Rogers never did comply with her requests for copies of his 1999 and 2000 business tax returns, while insisting that she do the calculations for past support based on his 2000 and 2001 individual tax returns. This time frame corresponded with the period in which his wife acquired a 50% interest in his business, resulting in a decrease in Rogers' income for purposes of calculating child support. She also noted that Rogers had provided her with copies of share certificates indicating that Rogers' wife did in fact own 50% of his business, but had refused to produce any evidence of the circumstances surrounding the transfer. Steffens concluded that these refusals indicated that disclosure of the documentation would not have served Rogers' interests and therefore he chose not to disclose them. Steffens informed the District Court that because Rogers refused to disclose requested information, she simply disregarded the 50% stock transfer to his wife and calculated all the income from the business as Rogers' income. Additionally, Steffens noted that Rogers had requested she reduce the figures for his interest income from investments

4

because this income had decreased when he had to cash in some of his investments to give his business a cash infusion. However, when asked to provide proof that the income from the investments was actually used for the business, Rogers again refused to provide documentation, and Steffens chose to disregard his request.

¶10 Ultimately, the District Court issued an order modifying child support due to changed circumstances and followed Steffens' recommendation worksheet number five. The District Court increased Rogers' support obligation from $375 per month to $1323 per month, and calculated his past due support at $28,440. Prior to this ruling, the District Court denied Rogers' motion for evidentiary hearing. After the ruling, the District Court denied Rogers' motions for new trial, for stay of execution, and for modification of child support. Rogers appeals, primarily arguing that the District Court should not have accepted Steffens' recommendations without giving Rogers a chance to examine Steffens, or to appeal her conclusions to the District Court in an evidentiary hearing.

## STANDARD OF REVIEW

¶11 A trial court's decision regarding sanctions is reviewed for abuse of discretion. *Vermeer of Washington, Inc., v. Jones*, 2004 MT 77, ¶ 7, 320 Mont. 435, ¶ 7, 87 P.3d 516, ¶ 7.

¶12 Child support determinations are reviewed for abuse of discretion. Review of the trial court's conclusions of law on such matters is whether the conclusions are correct. *In re Marriage of Brown* (1994), 263 Mont. 184, 187, 867 P. 2d 381, 382.

## DISCUSSION

¶13 1) Whether the District Court erred in denying Appellant's request for an evidentiary

5

hearing.

¶14 Section 40-4-208, MCA, governs requests for modification of child support. Section 40-4-208(6), MCA, states that a decree may be modified utilizing the provisions of §§ 40-4-251 through 40-4-258, MCA, "for failure to disclose assets and liabilities." Sections 40-4-251 through 40-4-258, MCA, deal specifically with disclosures required to be made in marriage dissolution cases, but as noted, the Legislature has made provision for these sections to apply equally to child support modification cases in which disclosure of financial information is not forthcoming from a party. Section 40-4-255(1), MCA, allows a party to a child support modification action who has made full financial disclosure to request the same from a noncomplying party. Section 40-4-255(2), MCA, reads as follows:

> If a noncomplying party fails to comply with a request under subsection (1), the complying party may file either or both of the following:
> (a) a motion to compel further response;
> (b) a motion for an order preventing the noncomplying party from presenting evidence on issues that should have been covered in the declaration of disclosure.

Finally, as sanction for noncompliance, § 40-4-255(3), MCA, allows the District Court to require the noncomplying party to pay the complying party's attorney's fees, "in addition to any other remedy provided by law."

¶15 At the outset of this case, in September 2000, the District Court ordered Stewart and Rogers to complete any outstanding discovery and then participate in a settlement conference with a special master. Rogers complied with most of Stewart's discovery requests, but refused to submit complete copies of his income tax returns and business information. A settlement conference was never held. In December 2000, Stewart filed a motion to compel. Rogers responded that he would only disclose his business records to the District Court for

6

an *in camera* review. In September 2001, the District Court appointed Steffens to assist in preparation of the child support calculations, ordered both parties to comply with her requests, threatened sanctions for noncompliance, and reserved ruling on the motion to compel, pending receipt of Steffens' report. In February 2002, Stewart filed a motion to compel Steffens to compel Rogers to complete Steffens' requests for financial disclosure, because she had not yet received any word of progress being made in the case. In April 2002, Steffens submitted her first recommendations in which she indicated that Stewart had not submitted complete income information and that Rogers had refused to submit any business information. In May 2002, Stewart submitted the remainder of the income information requested of her, along with her objections to the proposed recommendations, and a request that the District Court rule on her motion to compel and order Rogers to comply with Steffens' requests. In June 2002, the District Court ordered Rogers to file detailed objections to the proposed recommendations along with all supporting documentation. In July 2002, Stewart moved the District Court to set a date for a settlement conference. Rogers resisted, citing the need to wait for Steffens' revised recommendations. Also in July 2002, Rogers filed his objections to the original recommendations and included information on his personal income but still refused to submit any business information. In lieu of this requested information, Rogers submitted an affidavit and a statement from his accountant essentially stating that Rogers' business had taken a downturn and he would not be able to maintain his income at the levels reported in 1999 and 2000. He specifically requested Steffens not consider his income for 1999 because 1999 "was an exceptionally good year." No supporting documentation was submitted. Stewart filed a response to

7

Rogers' objections arguing that because Rogers did not follow the District Court's order to submit supporting documentation, his objections should not be considered. The District Court then notified the parties that it would take no further action until Steffens could report receipt of all requested material. In November 2002, Steffens submitted her second recommendation. In this recommendation, Steffens reported that Rogers never did comply with her requests for his business information, including the personal investments he purportedly cashed in to infuse the business.

¶16 After receiving Steffens' second recommendations, Rogers suggested that the parties negotiate an arrearage figure at a settlement conference. Stewart responded by arguing that Rogers had plenty of time to submit the requested documentation and that "he should not be permitted to prolong this process further." She reiterated Steffens' conclusion that Rogers should not be able to dictate the amount of his child support payment without fully complying with the District Court's orders. The District Court then ordered Steffens to average Rogers' income for child support using the three-year average for self-employed individuals set forth in *Albrecht v. Albrecht*, 2002 MT 227, 311 Mont. 412, 56 P.3d 339.

¶17 At this point, Rogers made his first formal request for an evidentiary hearing, arguing that there were significant discrepancies between Steffens' conclusions and his positions in the matter that required the District Court to make appropriate findings of fact. Stewart objected to the request for an evidentiary hearing arguing that Rogers was only interested in a hearing when it became apparent that there would be a substantial increase in his support amount. Stewart's objection states, "Mr. Rogers should not be given an opportunity to

8

present additional evidence at a hearing when he has repeatedly failed to cooperate with Ann Steffens and has not provided her with the material she has so frequently requested." The District Court denied Rogers' motion for evidentiary hearing, chronicling Rogers' two-year stonewall of Steffens' requests for business information, and Rogers' repeated objections submitted to the District Court and to Steffens with unsupported assertions and allegations. Specifically, the District Court found that:

> The objections clearly reveal that the Respondent continues to evade the issue regarding transfer of his business to his wife by alleging that the certificates provided, as well as his individual income tax returns, are sufficient to show a legitimate transfer. The Court disagrees. The timing of this transfer closely correlates with the filing of the motion to modify child support. The Respondent's refusal to submit 1999 and 2000 business tax returns, coupled with the Respondent's refusal to explain the details of the transfer, lead the Court to conclude, as did Ann Steffens, that the Respondent is withholding information that is not in the Respondent's best interest to produce. The Respondent's failure to submit the above evidence and his own proposed calculations for child support with his objections should not be rewarded with an opportunity for the Respondent to explain away, in an evidentiary hearing, his failure to cooperate with Ann Steffens in the preparation of her child support calculations. The Court's order of September 12, 2001 specifically provided that the failure by a party to submit requested information and data to Ann Steffens would be met with sanctions.

¶18 We have found no Montana caselaw interpreting § 40-4-255(2)(b), MCA, which allows a disclosing party to move for an order preventing a non-disclosing party from presenting evidence on issues that should have been covered in a disclosure. But it is clear from the language of § 40-4-255(2)(b), MCA, that the court may enter an order preventing a non-complying party from presenting evidence as a sanction for parties who, like Rogers, are unwilling to make full disclosure of relevant financial information to the District Court. Procedurally, the statute requires the complying party to file a motion. In this instance, while it was technically Rogers who filed a motion seeking an evidentiary hearing, Stewart

9

objected to this motion on grounds that Rogers had all the chances he deserved to present the District Court with all the evidence he had available to him. We hold that this order of events sufficiently comports with the statutory requirements. The District Court denied Rogers' motion. We conclude there is no abuse of discretion in this ruling.

¶19 2) Whether the District Court erred by averaging Appellant's income over a three year span when it calculated his child support obligation.

¶20 The District Court ordered Steffens to average Rogers' income for the years 1999-2001, which she did utilizing the information she had, and as noted, disregarding assertions Rogers refused to substantiate. Rogers now complains that the District Court did not attribute to him a realistic or sustainable income figure. Rogers cites *Albrecht* for the proposition that a court must attribute a realistic income to the parties and that the District Court must take into account the actual situation of each party. The District Court acknowledged this requirement, but found that Rogers' income did not fluctuate so extraordinarily between 1999 and 2001 that a three-year average of his income would result in excessive hardship. The District Court also based its decision in part upon the fact that Rogers did not submit alternative calculations as ordered by the District Court, nor did he completely comply with requests for documentation.

¶21 We agree with the District Court that a three-year average was appropriate in this case. As stated in *Albrecht*, a district court is not permitted to deviate from the guidelines unless there is clear and convincing evidence that an injustice will result absent a deviation. *Albrecht*, ¶ 14. Rogers' unsubstantiated statements do not amount to clear and convincing evidence. Rogers could have bolstered his claims by submitting alternative calculations

accompanied by supporting documentation. He chose not to do so and the District Court did not abuse its discretion in accepting Steffans' three-year average.

¶22   3) Whether the District Court erred when it denied Appellant's request for credit for in-kind contributions to his daughter's welfare, above his required monthly support payment.

¶23   Rogers' entire argument for credit for in-kind contributions amounts to the following:

> [T]he Court cited the Administrative Rules of Montana for the well-known proposition that payments in kind do not constitute child support. However, that rule has been interpreted in cases where an obligor attempted to get credit against an outstanding obligation for his in-kind contributions. Here, Rogers contributions were in addition to his child support obligation and in a situation where he was, after the fact, assessed a child support arrearage.

The rule cited by the District Court, ARM 37.62.142, is the correct rule. Rogers cites no authority for his alternative theory, in violation of Rule 23(a)(4), M.R.App.P. We will not further consider his contention. *The Duck Inn v. Montana State University-Northern* (1997), 285 Mont. 519, 523, 949 P.2d 1179, 1181.

¶24   Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART