DA 13-0622

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 249

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TERENCE RICHARDSON PASSMORE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 06-60
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Terence Richardson Passmore (self-represented); Shelby, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Brenda K. Elias, Assistant
Attorney General; Helena, Montana

      Wm. Nels Swandal, Park County Attorney, Interim; Catherine Truman,
Special Deputy County Attorney; Livingston, Montana

Submitted on Briefs:  July 16, 2014
Decided:  September 16, 2014

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Terence Richardson Passmore appeals from the order of the Sixth Judicial District Court, Park County, denying his Petition for Remission of Fines/Costs. We restate the issue as follows:

¶2 *Did the District Court abuse its discretion by denying Passmore's petition for remission of restitution?*

¶3 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶4 Following a jury trial in November and December 2007, Appellant Terence Richardson Passmore was convicted of felony sexual intercourse without consent and felony sexual assault against two young sisters, who were ages 12 and 13 at the time of the offenses. The District Court designated Passmore a Level I sex offender and sentenced him to 35 years imprisonment, with five years suspended. The District Court also ordered Passmore to "pay restitution, to compensate the victims of his crimes for 52 hours of counseling, in the maximum amount of $12,100, within 5 years, based on [Passmore's] ability to pay." We affirmed the District Court's judgment in *State v. Passmore*, 2010 MT 34, 355 Mont. 187, 225 P.3d 1229.

¶5 Passmore filed a petition for postconviction relief in September 2010, citing ineffective assistance of counsel and improper exclusion of exculpatory evidence. The District Court denied Passmore's petition in March 2012, and we affirmed the District Court in *Passmore v. State*, 2013 MT 154N, 370 Mont. 555, 311 P.3d 444.

2

¶6     In April 2013, Passmore filed a petition for remission of restitution in the Sixth Judicial District.[1] The District Court held a hearing on Passmore's petition on August 28, 2013. Passmore appeared pro se via video conference from Crossroads Correctional Facility in Shelby. Catherine Truman of the Attorney General's Office appeared in person on behalf of the State.

¶7     The State called three witnesses: Passmore's two victims, C.R.S. and J.R., and C.R.S.'s husband. Passmore called no witnesses and offered a summary of his inmate financial accounts as evidence. Because of a no-contact order between Passmore and his victims, the camera and video screen in the courtroom were covered with a blanket during testimony so that the witnesses and Passmore could not see each other. Passmore was still able to hear everything in the courtroom. The District Court did not permit Passmore to cross-examine the witnesses himself, but rather had Passmore submit his questions to the judge, who then relayed them to the witnesses.

¶8     C.R.S. testified that as a result of Passmore's abuse of her, she has intimacy issues which cause stress in her marriage and her relationship with her young son. She explained that her parents had paid for her to receive counseling before Passmore's trial, which was helpful. She would like more treatment, but has not been able to afford it because her husband was in college and she earns a small income as a line cook. Although she now has health insurance, it has limited mental health coverage and a large deductible.

---

[1] Passmore's petition was titled "Petition for the Remission of Fines/Cost." However, in the petition, at the hearing, and in subsequent briefing, Passmore sought only the remission of his restitution obligation.

¶9     J.R. testified that as a result of Passmore's abuse of her, she has trust issues and problems with interpersonal relationships. She received treatment, covered by Medicaid, for her bipolar disorder which was exacerbated by Passmore's abuse. The State introduced a letter and medical bills documenting J.R.'s treatment. J.R. testified that she wanted to see a counselor who specializes in treating sexual abuse victims but was unable to afford the fee. Medicaid would not cover this counselor and, in any event, J.R.'s Medicaid coverage was due to expire at the end of August 2013, because she had secured employment. She does not have health insurance through her employer.

¶10    After testimony, both parties gave oral argument. Passmore reiterated the arguments in his petition, and the State requested an extension of the five-year period of the restitution condition of Passmore's sentence.

¶11    On August 30, 2013, the District Court issued an order denying Passmore's petition and extending the time frame for submission of restitution claims by three years. The order explains the District Court's rationale, noting that it "finds credible the testimony of the victims to the effect that the counseling is very much needed and that, for financial reasons, the victims have previously been unable to pay for the upfront costs of the counseling." The District Court also recognized "that the amount of restitution payments that [Passmore] is able to pay is limited due to his incarceration."

## STANDARD OF REVIEW

¶12 We review a district court's decision to grant or deny a post-trial motion in a criminal case for an abuse of discretion.[2] *State v. Ferre*, 2014 MT 96, ¶ 11, 374 Mont. 428, 322 P.3d 1047. "A court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice." *State v. Derbyshire*, 2009 MT 27, ¶ 19, 349 Mont. 114, 201 P.3d 811. "The burden to demonstrate an abuse of discretion is on the party seeking reversal based on an unfavorable trial court ruling." *State v. Sheehan*, 2005 MT 305, ¶ 18, 329 Mont. 417, 124 P.3d 1119.

## DISCUSSION

¶13 Passmore argues that his restitution obligation should have been remitted because his victims did not testify truthfully about their financial inability to obtain counseling. Despite their testimony, Passmore contends that their failure to seek counseling in the past five years proves they neither want nor need counseling. Therefore, Passmore argues the Court should have waived his remaining restitution obligation pursuant to § 46-18-246, MCA. We disagree.

¶14 Section 46-18-246, MCA, provides, in relevant part:

> If the court finds that the circumstances upon which it based the imposition of restitution, amount of the victim's pecuniary loss, or method or time of payment no longer exist or that it otherwise would be unjust to require payment as imposed, the court may adjust or waive unpaid restitution . . . .

---

[2] In his reply brief, Passmore requests that we exercise plain error review. We decline to do so, as that is not the proper standard of review for this case.

5

This statute is permissive; if at least one of the four conditions is met, the court *may* waive or adjust a restitution obligation.

¶15 Passmore claims that "current established court records" provide "direct, undeniable evidence" that his victims lied and it is therefore unjust to uphold his restitution obligation. However, the District Court found "credible the testimony of the victims to the effect that the counseling is very much needed and that, for financial reasons, the victims have previously been unable to pay for the upfront costs of the counseling." As the trier of fact, the District Court had the opportunity to observe the witnesses and is therefore better suited to determine credibility than this Court. *Ditton v. DOJ, Motor Vehicle Div.*, 2014 MT 54, ¶ 33, 374 Mont. 122, 319 P.3d 1268. We will not substitute our judgment as to witness credibility for that of the district court. *Seyferth v. DOJ, Motor Vehicle Div.*, 277 Mont. 377, 385, 922 P.2d 494, 499 (1996).

¶16 The "current established court record" Passmore cites is a civil settlement agreement that is not in the record. We do not consider evidence that is not in the record on appeal. *State v. Azure*, 2002 MT 22, ¶ 38, 308 Mont. 201, 41 P.3d 899. We recognize that Passmore is unrepresented in this appeal, and we give pro se litigants a certain degree of latitude. *Neil Consultants, Inc. v. Lindeman*, 2006 MT 80, ¶ 8, 331 Mont. 514, 134 P.3d 43 (citing *First Bank (N.A.)-Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986)). However, "that latitude cannot be so wide as to prejudice the other party, and it is reasonable to expect pro se litigants to adhere to procedural rules." *Neil Consultants,* ¶ 8.

¶17     In this appeal, Passmore also references the testimony of C.R.S. and J.R. during the criminal trial in which they admit they received money in settlement of a civil suit against the Church of God. This, he argues, proves that they had money for counseling and would have sought counseling within the past five years if they had needed it. This argument was not raised before the District Court, and "we will not put a district court in error for failing to address an issue or an argument that was not made before it." *State v. Clary*, 2012 MT 26, ¶ 19, 364 Mont. 53, 270 P.3d 88 (citing *Day v. Payne*, 280 Mont. 273, 276, 929 P.2d 864, 866 (1996)).

¶18     The District Court found that the circumstances underlying the original imposition of restitution—the victims' need for counseling to treat the mental trauma caused by Passmore's abuse—still exist. In that regard, we note that any proceeds C.R.S. and J.R. may have received from the civil settlement cannot constitute a change of circumstance because the settlement predated the imposition of restitution. Moreover, the amount of the victims' pecuniary loss, which includes "future medical expenses that the victim can reasonably be expected to incur as a result of the offender's criminal conduct, including . . . counseling," § 46-18-243(1)(c), MCA, has not changed; neither has the method or time of payment. Passmore's 2008 sentence provides that he "will continue to make monthly restitution payments until he has paid full restitution." Though the District Court's order grants the victims an additional three years to obtain counseling, it does nothing to modify the condition requiring Passmore to continue to make payments until his restitution obligation is satisfied.

7

¶19 Further, upholding the restitution requirement is not unjust, as Passmore argues. Restitution is a fundamental component of Montana's laws for the punishment of crime. *See* Mont. Const. art. II, § 28(1) ("Laws for the punishment of crime shall be founded on the principles of prevention, reformation, public safety, and restitution for victims,") and § 46-18-201(5), MCA (providing that judges must require payment of restitution as part of the sentence in cases where the victim has suffered a pecuniary loss). Passmore was ordered to pay restitution to his victims not because they could not otherwise afford counseling, but rather because it was Passmore's crimes against them that caused them to require counseling.

¶20 The record provides evidence that both victims want and need counseling. The record further provides evidence that J.R. has received counseling within the past five years. The District Court is well within the bounds of reason in determining that Passmore should not be released from his restitution obligation.

## CONCLUSION

¶21 Passmore has failed to meet his burden to demonstrate that the District Court abused its discretion in denying his petition.

¶22 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE