FILED

01/16/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0661

DA 16-0661

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 9

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

KENNETH A. ERICKSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                    In and For the County of Hill, Cause No. DC-11-023
                    Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Randy Homer Randolph, Attorney at Law; Havre, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
           Attorney General; Helena, Montana

           Jessica Cole-Hodgkinson, Hill County Attorney; Havre, Montana

Submitted on Briefs:  October 18, 2017

Decided:  January 16, 2018

Filed:

                                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Kenneth Erickson (Erickson) appeals from the denial of his motion to modify his criminal judgment "as to financial obligations," in the Twelfth Judicial District Court, Hill County. We affirm in part, reverse in part, and remand for further proceedings, addressing the following issue:

> *Did the District Court err by denying Erickson's motion to modify his criminal judgment?*

## FACTUAL AND PROCEDURAL BACKGROUND[1]

¶2 In April 2011, Erickson and Gene Johnson (Johnson) were involved in an altercation, which ended when Erickson struck Johnson in the face, causing Johnson to fall to the pavement and hit his head. Johnson sustained a serious injury that required significant medical treatment. In February 2013, a jury found Erickson guilty of criminal endangerment, a felony in violation of § 45-5-207, MCA. We affirmed the conviction in *State v. Erickson*, 2014 MT 304, 377 Mont. 84, 338 P.3d 598.

¶3 At the sentencing hearing in April of 2013, the State sought significant restitution for the cost of Johnson's medical care and lost wages, while Erickson argued that the case involved liability issues that were more appropriately addressed in civil litigation, which

---

[1] The record is not well developed, and Appellant's argument relies on factual contentions that have a questionable foundation in the record. Exacerbating the problem, the Appellant's repeated use of "(Court Record)" as the source for asserted facts not only fails to comply with M. R. App. P. 12(9), but is wholly unhelpful, as the District Court docket contains over 200 entries. These deficiencies contribute to the Court's inability to finally resolve this matter, and the necessity of further proceedings to obtain relief, if any.

Johnson had already initiated.[2] Blue Cross/Blue Shield of Texas (BCBS) filed a lien against Johnson's suit, as it had paid medical benefits for his injuries. The District Court determined, under § 46-18-241(1), MCA, that imposition of full restitution in Erickson's sentence was mandatory. The court deferred imposition of sentence for a period of six years, subject to various conditions, including Condition eight:

> Defendant shall pay $324,215.31 restitution, plus a 10% administrative fee of $32,421.53,[3] for a total of **$356,636.84** by money order or cashier's check to the **Department of Corrections, Collection Unit, P.O. Box 201360, Helena, MT, 59620**, for property disbursement as follows:

> Priority 1: Gene Johnson $ 39,842.87

> Priority 2: Crime Victim Compensation Program $ 4,737.08

> Priority 3: Blue Cross/Blue Shield of Texas $ 279,635.36

(Emphasis in original.)

¶4 In August 2013, Johnson signed a release of his claims against Erickson in the civil litigation in consideration of a payment to him of $310,000. This payment was funded by $300,000 contributed by Mountain West Farm Bureau under Erickson's home owner's insurance, and a $10,000 contribution from Erickson. The release purported to satisfy Erickson's restitution obligation under the criminal judgment:

> [Johnson] acknowledges that the payments called for in this Release constitute full and compete satisfaction of all restitution payments owed by [Erickson] pursuant to the [the criminal judgment], which ordered restitution payments to both [BCBS and Johnson]. This acknowledgement of

---

[2] *See* Amended Complaint and Jury Demand, *Johnson v. Erickson*, No. DV 13-034 (Mont. 12th Judicial Dist. June 12, 2013).

[3] The ten percent administrative fee is required by § 46-18-241(2)(a), MCA.

satisfaction does not extend to the [others owed restitution]. It is the intent of the signatories [Johnson and Erickson] that to the extent allowable by law, all restitution payments owed under any Court Orders entered in [the criminal case] to date or to be entered in the future . . . shall be deemed satisfied to the extent allowable by law.[4]

In consideration of a payment of $103,333.33 from Johnson, BCBS released its lien against Johnson's lawsuit. The lien release included the following language:

[BCBS] further specifically agrees that by accepting this payment it is acknowledging that [Erickson] has fully and finally satisfied the obligation to pay restitution as [ordered in the criminal judgment].

Notably, the amount paid to BCBS was $176,302.03 less than the restitution Erickson was ordered to pay BCBS in the criminal Judgment. After making payment to BCBS and satisfying attorney fees, Johnson received a direct payment of $103,333.33. Apparently, Erickson also paid the $4,737.08 he owed in restitution under the criminal judgment to the Crime Victim Compensation Program.

¶5 Thereafter, in April 2015, Erickson filed a "Motion to Amend Judgment Regarding Financial Obligations" within the criminal action, requesting that the District Court waive the restitution administrative fee in light of the promptness of the settlement and, based on the civil releases, find that the restitution condition had been satisfied as to Johnson and BCBS. The State responded that the District Court was without authority to amend a criminal judgment, and that the requirements of § 46-18-246, MCA, under which a

---

[4] The release also settled any potential claims against Mountain West Farm Bureau for its handling of the claim and settled a federal suit, filed by Mountain West Farm Bureau against Johnson and Erickson, seeking a declaration there was no coverage under the homeowner's policy, which had liability limits of $300,000. *See* First Amended Complaint, *Mountain West Farm Bureau Mut. Ins. Co. v. Erickson*, No. CV 13-43 (D. Mont. June 25, 2013).

restitution order may be adjusted or waived, had not been satisfied because the statute required a hearing to be held, with notice to the victims.

¶6 The District Court scheduled a hearing and invited Johnson to be heard. The hearing was conducted on July 13, 2015, but no transcript has been provided. According to the minute entry, the Court ordered the statutory administrative fee to be paid, and indicated it would entertain a renewed motion to address the civil settlement once the fee had been paid. Apparently, Erickson paid the $32,421.53 administrative fee.

¶7 In April 2016, Erickson filed a motion to dismiss, citing § 46-18-208, MCA, which authorizes a sentencing court to "terminate the time remaining on the sentence" when the supervision requirements have been satisfied. The State responded that the restitution amounts stated in the judgment had not been paid in full, particularly to BCBS, and suggested that Erickson instead bring a renewed motion to adjust the restitution amount pursuant to § 46-18-246, MCA.

¶8 Erickson then filed a "Motion to Modify Judgment as to Financial Obligations." Although citing § 46-18-246, MCA, Erickson did not address its requirements, and merely asked the Court to declare that the payments made in the civil litigation had satisfied the criminal judgment, in light of the releases signed by the victims. The State opposed modification, arguing that the requirements of § 46-18-246, MCA, had not been satisfied, and that Johnson continued to suffer ongoing negative impacts to his health and employment.

5

¶9 The District Court conducted another hearing in July 2016. Johnson was in attendance, but declined to speak after both sides stipulated that he suffered ongoing injures. Argument was offered regarding case law from foreign jurisdictions, but the requirements of § 46-18-246, MCA, were not addressed. Thereafter, the District Court entered an order, holding that "a general release from civil liability does not release Erickson from the conditions imposed in his criminal sentence, even where the victim may be precluded from pursuing further payment from Erickson," and reasoning that "Johnson's agreement to accept less than the full restitution amount ordered by the Court as satisfaction for Erickson's civil liability does not, by itself, satisfy the conditions [of] a criminal sentence." Erickson appeals.

## STANDARD OF REVIEW

¶10 This Court reviews a district court's decision to grant or deny a post-trial motion in a criminal case for abuse of discretion. *State v. Passmore*, 2014 MT 249, ¶ 12, 376 Mont. 334, 334 P.3d 378 (citations omitted).

## DISCUSSION

¶11 *Did the District Court err by denying Erickson's motion to modify his criminal judgment?*

¶12 Erickson argues the District Court's finding that Johnson accepted "less than the full restitution amount ordered by the Court" is contrary to the record, which demonstrates that Johnson received a direct payment of $103,333.33 in the civil settlement, an amount greater than the $39,842.87 in criminal restitution Johnson was ordered to receive. Erickson further argues that, because the Crime Victims Compensation Fund has been paid,

6

the statutory ten percent restitution fee has been paid, and the other two victims signed releases in the civil litigation acknowledging that Erickson has satisfied his criminal restitution obligation to them, the District Court erred by failing to modify the criminal judgment "to reflect the satisfaction in full of all restitution ordered." The State answers that there is no authority for modification of a criminal judgment and that Erickson simply has not made a case for relief under § 46-18-246, MCA.

¶13 Restitution is a "fundamental component of Montana's laws for the punishment of crime," *Passmore*, ¶ 19, and district courts must, as part of a criminal sentence, "require an offender to make full restitution to any victim who has sustained pecuniary loss," § 46-18-241(1), MCA.[5] Felony offenders pay restitution to the Department of Corrections, which supervises the restitution process, and disburses payments to the victims as ordered by the sentencing court. Section 46-18-241(2)(b) and -245, MCA.

¶14 "An order to pay restitution constitutes a judgment rendered in favor of the state, and following a default in the payments of restitution . . . the sentencing court may order the restitution to be collected by any method authorized for the enforcement of other judgments." Section 46-18-247(3), MCA. Likewise, restitution orders constitute a judgment in favor of the victims: "The total amount that a court orders to be paid to a victim may be treated as a civil judgment against the offender and may be collected by the victim at any time . . . using any method allowed by law . . . ." Section 46-18-249(1), MCA. A

---

[5] The definition of victim includes a person injured during a crime, but also "an insurer or surety with a right of subrogation to the extent it has reimbursed the victim of the offense for pecuniary loss" and the Crime Victims Compensation Program. Section 46-18-243(2)(a), MCA.

restitution order does "not limit or impair the right of a victim to sue and recover damages from the offender in a separate civil action." Section 46-18-249(1), MCA. However, any criminal restitution paid to a victim "must be set off against any pecuniary loss awarded to the victim in a civil action . . . ." Section 46-18-249(3), MCA.

¶15   Notably, there is no similar provision requiring a criminal restitution obligation to be offset by a victim's civil recovery. We have often held that, "[o]nce a valid sentence has been pronounced, the court imposing that sentence has no jurisdiction to modify it, except as provided by statute." *State v. Fertterer*, 260 Mont. 397, 400-01, 860 P.2d 151, 154 (1993) (collecting cases). Consequently, there is no authority that entitles Erickson, as a matter of law, to the specific relief he persistently pursued in this proceeding—a modification of his criminal judgment to reflect the settlement he entered in the civil litigation, or a "satisfaction" of that judgment. The District Court noted that "a general release from civil liability does not release Erickson from the conditions imposed in his criminal sentence," which is correct even if, as here, the civil settlement purports to release the defendant from a restitution obligation under the criminal judgment.[6]

¶16   However, the Legislature has authorized a sentencing court to discretionarily "adjust or waive unpaid restitution," in certain circumstances:

> An offender may at any time petition the sentencing court to adjust or otherwise waive payment of any part of any ordered restitution or amount to be paid pursuant to 46-18-241(2)(a) [the administrative fees]. The court shall schedule a hearing and give a victim to whom restitution was ordered notice

---

[6] The parties have argued *People v. Bernal*, 101 Cal. App. 4th 155 (2002), as persuasive authority for their respective positions, but we determine that the State's position on this point is correct based upon Montana law.

of the hearing date, place, and time and inform the victim that the victim will have an opportunity to be heard. If the court finds that the circumstances upon which it based the imposition of restitution, amount of the victim's pecuniary loss, or method or time of payment no longer exist or that it otherwise would be unjust to require payment as imposed, the court may adjust or waive unpaid restitution or the amount to be paid pursuant to 46-18-241(2)(a) [the administrative fees] or modify the time or method of making restitution. The court may extend the restitution schedule.

Section 46-18-246, MCA. Procedurally, an offender must move the court to adjust or waive restitution, and the court must notify the victims and conduct a hearing that provides the victims with an opportunity to be heard. "This statute is permissive; if at least one of the four conditions is met, the court may waive or adjust a restitution obligation." *Passmore*, ¶ 14. The four conditions that would permit a court to adjust or waive restitution are: (1) the circumstances upon which the court based the imposition of restitution no longer exist; (2) the amount of the victim's pecuniary loss no longer exists; (3) the method or time of payment no longer exists; or (4) that it otherwise would be unjust to require payment as imposed.

¶17 Though referencing the statute, Erickson did not specifically request the District Court to grant relief under one or more of the four conditions of § 46-18-246, MCA, and failed to make or preserve a factual record in support of such relief. As noted above, Erickson's appellate arguments are not supported by citations to the record, and we have had to speculate about certain facts within the background section of this opinion. The inadequate factual showing may have contributed to the District Court's apparently incorrect statement that Johnson agreed "to accept less than the full restitution amount ordered by the Court." Or, the District Court may have meant that the total amount of the

9

civil settlement accepted by Johnson, $310,000, was less than the total amount of restitution ordered under the criminal judgment, $356,636.84. In any event, it is Erickson's burden to request and factually demonstrate his eligibility for relief under at least one of the four conditions of § 46-18-246, MCA, following which the District Court may order relief under the statute that, in its discretion, it determines to be merited. This is a "permissive" determination, *Passmore*, ¶ 14, which this Court cannot make on appeal, particularly on an inadequate record.

¶18 We affirm the District Court's denial of Erickson's request for modification or satisfaction of the criminal judgment, as a matter of law, to reflect his civil settlement. Beyond that, it appears the District Court's order contains a factual error regarding the amount received by Johnson in the civil settlement relative to the restitution he was ordered to receive. This error may have been prompted by Erickson's inadequate factual showing. Having now clarified the specific relief available to Erickson, we reverse the District Court's order denying all relief under § 46-18-246, MCA, and remand this matter to permit Erickson to make a proper request and record supporting any relief for the District Court's consideration.

¶19 Affirmed in part, reversed in part, and remanded for further proceedings.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON

10