FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0227

DA 22-0227

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 209N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

KRISTI DIFULVIO,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DC-19-187C
                 Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Kevin S. Brown, Erin E. Harris, Paoli & Brown, P.C., Livingston,
           Montana

       For Appellee:

           Austin Knudsen, Montana Attorney General, Christine Hutchison,
           Assistant Attorney General, Helena, Montana

           Marty Lambert, Gallatin County Attorney, Eric N. Kitzmiller, Deputy
           County Attorney, Bozeman, Montana

                          Submitted on Briefs:  September 21, 2022

                                 Decided:  October 18, 2022

Filed:

                       _____
                              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Kristi DiFulvio appeals from the April 25, 2022 Order of the Eighteenth Judicial District Court denying her motion to withdraw her guilty plea and dismiss her criminal endangerment charge prior to the expiration of her deferred sentence.  We reverse and remand for further proceedings consistent with this Opinion.

¶3	DiFulvio pled guilty to one count of criminal endangerment for driving a motor vehicle the wrong way on Interstate 90 while under the influence of alcohol.  Pursuant to DiFulvio's plea agreement with the State, on August 5, 2020, the District Court sentenced her to a three-year deferred sentence.  On March 8, 2022, DiFulvio moved the District Court to terminate the remainder of her deferred sentence pursuant to § 46-18-208, MCA. In support of her motion, DiFulvio advised the District Court that she had met the requirements of § 46-18-208(a), MCA, in that she had served one-half of her deferred sentence and satisfied all other supervision requirements, including full payment of all court fines and attorney fees.  DiFulvio's probation officer supported her motion for early termination of her sentence.  The State objected to DiFulvio's motion.  The State's response failed to substantively address, or for that matter even reference, the provisions of

2

§ 46-18-208, MCA. The entire substance of the State's objection to DiFulvio's motion was:

> The State appreciates and respects the fact that the defendant has been doing well and is taking advantage of the benefit she received from the plea agreement and deferred imposition of sentence. The defendant agreed to be on probation for three (3) years, and the court deferred sentencing for a period of three (3) years. Supervision of the defendant appears to be working. The defendant should fulfill the commitment she made to the people of Montana to be on probation for three (3) years. Therefore, the State requests that the defendant's petition be denied.

The District Court denied DiFulvio's motion "for the reasons set forth in the State's Response."

¶4 "We review a district court's decision to grant or deny a post-trial motion in a criminal case for abuse of discretion." *State v. Passmore*, 2014 MT 249, ¶ 12, 376 Mont. 334, 334 P.3d 378. "A court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice." *Passmore*, ¶ 12 (internal quotations and citation omitted). We have remanded cases when we are unable to determine a district court's legal conclusions and the facts on which it based those conclusions. *See Wilkes v. State*, 2015 MT 243, ¶ 12, 380 Mont. 388, 355 P.3d 755; *Beach v. State*, 2009 MT 398, ¶ 51, 353 Mont. 411, 220 P.3d 667.

¶5 A court considers three elements when deciding whether to terminate the remainder of a deferred sentence: (1) whether termination of the remainder of the sentence is in the best interests of the defendant and society; (2) whether termination of the remainder of the sentence will not present an unreasonable risk of danger to the victim of the offense; and

(3) whether the defendant has paid all restitution and court-ordered financial obligations in full. Section 46-18-208(6)(a)-(c), MCA.

¶6 There is no dispute in this case that DiFulvio satisfied the requirements of § 46-18-208(a), MCA. DiFulvio served one-half of her deferred sentence and satisfied all other supervision requirements, including full payment of all court fines and attorney fees. The unresolved issue then is whether she is entitled to termination in consideration of the provisions of § 46-18-208(6)(a)-(c), MCA. Because the State failed to substantively address DiFulvio's motion, and the District Court's order summarily adopted the State's response, it is not clear whether the District Court considered these elements before denying DiFulvio's motion. Since we cannot determine the basis on which the District Court denied DiFulvio's motion, we reverse the District Court's Order and remand this matter for consideration of DiFulvio's motion consistent with this Opinion. *See Wilkes*, ¶ 12.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We reverse and remand.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

4