FILED

04/04/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0584

DA 22-0584

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 59N

IN RE THE MARRIAGE OF:

LORI DELOIS GUENTHNER,

Petitioner and Appellee,

and

NEAL WAYNE GUENTHNER,

Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 18-845
Honorable Colette B. Davies, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Neal Wayne Guenthner, Self-Represented, Edgar, Montana

For Appellee:

Adrian M. Gosch, Towe, Ball, Mackey, Summerfeld & Gosch,
Billings, Montana

Submitted on Briefs:  February 15, 2023

Decided:  April 4, 2023

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Neal Wayne Guenthner, representing himself, appeals the Order Regarding Contempt Hearing Held March 2, 2022 and the Order on Post-Hearing Motions issued by the Thirteenth Judicial District Court, Yellowstone County. We address the following dispositive issues on appeal: (1) whether the District Court's contempt order is justiciable on appeal; (2) whether the District Court abused its discretion by awarding Neal's former wife, Lori Guenthner, her reasonable attorney fees and costs; (3) whether the District Court abused its discretion by denying three of Neal's motions without holding a hearing; and (4) whether the District Court abused its discretion by "not issuing a court order requiring Lori to pay child support to Neal for A.G."[1]

¶3 Neal and Lori adopted three children during their marriage, including A.G. They also became legal guardians of two children: T.S. and C.S. In 2018, Lori petitioned the District Court for dissolution of her marriage to Neal. In April 2020, they filed a Settlement

---

[1] On appeal, Lori Guenthner moves to strike six pages of documents Neal submitted to this Court as attachments to his reply brief. Lori requests that we strike these attachments because none of the documents were introduced into the record by the parties while the issues being appealed were before the District Court. Lori is correct. We therefore strike the six pages of documents Neal submitted to this Court as attachments to his reply brief. *See State v. Passmore*, 376 Mont. 334, 338, 334 P.3d 378, 381 (2014) (holding that "[w]e do not consider evidence that is not in the record on appeal" (internal citation omitted)).

2

Agreement with the District Court which, in relevant part, agreed that Lori was entitled to their real property, sole custody of T.S. and C.S., and child support for A.G., so long as A.G. resided with Lori. The agreement also provided that the parties "agree[d] to execute all future instruments necessary to carry the terms and conditions of th[e] [a]greement into full force and effect." The Settlement Agreement, which the District Court accepted and incorporated into the final decree, contained a provision regarding attorney fees, which reads, in relevant part:

> In the event of future litigation between the parties to enforce, modify, or interpret any provision of this agreement, the prevailing party shall be entitled to all his or her court costs, including reasonable attorney[] fee[s].

¶4 In December 2020, Neal and Lori filed an Amended Final Parenting Plan. The plan notes that A.G. had been residing primarily with Neal since May 3, 2020, and would continue to reside primarily with Neal. The plan also states that Neal "shall be entitled to receive the adoption assistance subsidy for A.G., retroactive to May 3, 2020."

¶5 In August 2021, Lori moved to enforce the Settlement Agreement and requested that the District Court hold Neal in contempt for refusing to sign documents necessary to carry the terms and conditions of the Settlement Agreement into full force and effect. On March 2, 2022, the District Court held a hearing, during which Neal conceded that, for the purpose of retaliation against Lori, he refused to sign authorization forms that would allow for the removal of his name from checks issued jointly to the parties for subsidies associated with the guardianship of T.S. and C.S. During the hearing, the District Court entered a verbal order to quash subpoenas issued by Neal.

3

¶6 After the hearing, the District Court issued a written order in which it found Neal to be in contempt based on his violation of the amended final decree by refusing to sign both the authorization forms as well as documents necessary to transfer jointly held real property to Lori. The District Court held that the contempt could be purged if Neal signed the required documents. Based on language in the Settlement Agreement entitling the prevailing party to attorney fees and costs in the event of future litigation between the parties to enforce, modify, or interpret any provision of the Settlement Agreement, the District Court determined that Lori was entitled to the attorney fees and costs associated with pursuing her contempt motion. Following the contempt hearing, Neal filed multiple motions. The District Court denied all of Neal's motions without a hearing.

¶7 "We review a district court's grant or denial of attorney fees for abuse of discretion." *In re Marriage of Gorton*, 2008 MT 123, ¶ 45, 342 Mont. 537, 182 P.3d 746 (internal citation omitted). Likewise, we review child support determinations for abuse of discretion. *Stewart v. Rogers*, 2004 MT 138, ¶ 12, 321 Mont. 387, 92 P.3d 615 (internal citation omitted). "An abuse of discretion occurs if a court . . . acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice." *Bessette v. Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894 (internal quotation and citation omitted).

¶8 Neal contends that the District Court erred by holding him in contempt. On appeal, Neal represents, and Lori acknowledges, that Neal ultimately complied with the District Court's order and signed the documents, thus purging the contempt finding. Having been purged, the contempt finding is now moot and is no longer justiciable on appeal.

4

*In re Marriage of Nevin*, 284 Mont. 468, 471, 945 P.2d 58, 60 (1997) (internal citation omitted).

¶9 Neal contends that the District Court abused its discretion by awarding Lori attorney fees and costs for the services of Adrian Gosch. Neal argues that the District Court abused its discretion by awarding Lori attorney fees and costs related to pursuing her contempt motions because it did not consider the financial resources of both parties during its determination as to the reasonableness of the attorney fees. Montana courts "enforce settlement agreements like any other contract." *In re Marriage of Mease*, 2004 MT 59, ¶ 57, 320 Mont. 229, 92 P.3d 1148 (internal citation omitted). When a district court awards attorney fees pursuant to the terms of a settlement agreement, the court is not required to consider the parties' financial resources when determining the reasonableness of the attorney fees. *See Mease*, ¶ 58 (listing the factors a district court must consider when determining the amount and reasonableness of attorney fees awarded pursuant to the terms of a settlement agreement). The District Court awarded attorney fees to Lori pursuant to the provision of the Settlement Agreement entitling the prevailing party on a motion to enforce the agreement to reasonable attorney fees and costs. The District Court did not abuse its discretion when determining the reasonableness of the attorney fees.

¶10 Neal also argues the District Court abused its discretion by awarding Lori attorney fees for Gosch's services because Gosch did not provide Neal a notice of appearance. Section 37-61-404, MCA, states:

> When an attorney is changed . . . written notice of the change and the substitution of a new attorney or of the appearance of the party in person

must be given to the adverse party. Until then, the adverse party shall recognize the former attorney.

Irrespective of whether Gosch provided Neal with a formal notice of appearance, Neal knew of and acknowledged Gosch's representation of Lori throughout her efforts to enforce the Settlement Agreement. In his pleadings, Neal certified that he served Lori "through her council, Attorney Adrian M. Gosch." More to the point, Neal cites to no authority where the lack of a notice of new counsel would foreclose the recovery of attorney fees if, in fact, the attorney performed the services for which the recovery of fees are sought. The District Court did not abuse its discretion by awarding Lori attorney fees for Gosch's services.

¶11 Neal contends that the District Court abused its discretion when it denied three of his motions without holding a hearing. Neal does not provide any relevant legal authority in support of his argument that he was entitled to a hearing on his motions. "While pro se litigants may be given a certain amount of latitude," *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124, we do not "conduct legal research on [an] appellant's behalf, [] guess as to his precise position, or [] develop legal analysis that may lend support to his position," *State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, 133 P.3d 206 (internal citations omitted). The District Court did not abuse its discretion when it denied Neal's motions without a hearing.

¶12 Neal contends that the District Court abused its discretion when it did "not issu[e] a court order requiring Lori to pay child support to Neal for A.G." A district court may modify a decree containing provisions relating to child support only "upon a showing of

changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208(2)(b)(i), MCA. Neal does not argue a change of circumstances other than to note that the Settlement Agreement required him to pay child support for A.G. only if A.G. resided with Lori. But neither the Settlement Agreement nor the Amended Final Parenting Plan required Lori to pay child support for A.G. if she began residing with Neal; it only terminated Neal's child support obligation for A.G. In this case, the changed circumstance—A.G.'s change of residence from Lori to Neal—resulted in the termination of Neal's obligation to pay child support for A.G., exactly as the parties had agreed. The District Court did not abuse its discretion when it denied Neal's motion for an order requiring Lori to pay past and future child support.[2]

¶13 Relying on the Settlement Agreement, Lori has requested that Neal should be ordered to reimburse her for her reasonable attorney fees and costs for this appeal. As noted above, the parties' Settlement Agreement provides:

> In the event of future litigation between the parties to enforce, modify, or interpret any provision of this agreement, the prevailing party shall be entitled to *all* his or her court costs, including reasonable attorney[] fee[s].

(Emphasis added.) "When an entitlement to costs and attorney fees arises from contract, that entitlement includes costs and attorney fees on appeal." *Gibson v. Paramount Homes*, 2011 MT 112, ¶ 21, 360 Mont. 421, 253 P.3d 903 (internal citations omitted). Lori has

---

[2] Noting that the parties' Amended Final Parenting Plan provided Neal was to receive the adoption assistance subsidy for A.G. retroactive to the date A.G. went to live with him, the District Court concluded that "this subsidy was in lieu of child support." Neal contends on appeal the District Court erred because "[t]here is no information in the amended [parenting] agreement that the adoption subsidy is in lieu of child support." Whether or not the adoption subsidy was in lieu of child support for A.G. is irrelevant to our disposition of this issue on appeal.

prevailed on appeal. As the prevailing party, she is "entitled to all of her court costs, including reasonable attorney[] fee[s]."

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm the District Court's orders and remand this matter to the District Court to determine the attorney fees and costs to which Lori is entitled and to enter an order accordingly.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE